J. H. MEFFORD, Respondent, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 19, 1906.

1. RAILROADS: Pleading: Evidence: General and Specific Allegations. Certain allegations in a petition for damages caused by a wreck are held to be general allegations relating to specific things, to-wit, the unsafe condition of the track and the negligent handling of a train, and any negligence which made the track dangerous or affected the operation of the train is competent thereunder.

Mefford v. M. K. & T. Ry. Co.

2. ——: ——: ——: Instruction. An instruction stating that if plaintiff was a passenger and injured in the wreck then it devolves upon the defendant to show the wreck was not caused by its negligence is held harmless taken with the balance of the instructions which confine the jury in its investigation to the allegations in the petition.

3. EVIDENCE: Cross-Examination: Discretion of the Trial Court. Asking a witness as to what the porter said was the cause of the wreck, with the simple view of testing his candor and veracity, is not a reversible error where the witness in his examination in chief testified about the porter, since the trial court has great discretion in the matter of cross-examination.

4. RAILROADS: Negligence: Wreck: Jury. Evidence is sufficient to send to the jury the question of negligence in causing the wreck in which plaintiff was injured.

Appeal from Vernon Circuit Court.—*Hon. L. W. Shafer*, Judge.

AFFIRMED.

*George P. B. Jackson* for appellant.

(1) The defendant, as a carrier of passengers, not being an insurer of their safety, was not responsible for any injury to the plaintiff as a passenger, "where all reasonable care, skill and diligence, prudence and foresight have been employed." Sawyer v. Railroad, 37 Mo. 241; Hite v. Railroad, 130 Mo. 139. (2) Plaintiff, having pleaded specific negligence as the cause of her injury, was restricted to those charges, and was not entitled to recover on any other ground. Feary v. Railroad, 162 Mo. 96; Bartley v. Railroad, 148 Mo. 139; McManamee v. Railroad, 135 Mo. 447; Hite v. Railroad, 130 Mo. 136; Price v. Railroad, 72 Mo. 414. (3) The court erred in giving plaintiff's instruction because it imposed upon defendant the burden of disproving negligence of every kind, notwithstanding the specific charge in the petition. Cases under point (2). (4) This instruction was also erroneous because it presented to the jury the effect of

the presumption which imputes negligence against a carrier when a passenger is injured as the result of a wreck. This is improper when there is evidence tending to disprove negligence. Lynch v. Railroad, 112 Mo. 433; Moberly v. Railroad, 98 Mo. 187; Rapp v. Railroad, 106 Mo. 428; Haycraft v. Grigsby, 88 Mo. App. 362; Morton v. Heidom, 135 Mo. 617; Myers v. Kansas City, 108 Mo. 487; Schipers v. Railroad, 126 Mo. 670. (5) This instruction was also erroneous because the plaintiff having pleaded specific negligence, she was required to prove it, and the burden was not shifted to defendant by mere proof of a wreck and an injury. Hite v. Railroad, 130 Mo. 137; Feary v. Railroad, 162 Mo. 96.

*Scott & Bowker* for respondent.

(1) Where an accident happens to a passenger while being transported by the carrier, by collision, derailment or other accident that does not happen in the ordinary management and operation of the carrier's business, the proof of such accident and injury to the passenger without fault on his part makes a prima facie case of negligence against the carrier, and it devolves upon the carrier to prove to the satisfaction of the jury in order to relieve it from liability, that the accident and injury were the result of inevitable accident or by causes that human foresight and prudence could not prevent. Hipsley v. Railroad, 88 Mo. 348; Hyde v. Transit Co., 102 Mo. App. 537; Shuler v. Railroad, 87 Mo. App. 618; Dorsey v. Railroad, 83 Mo. App. 528; Furnish v. Railroad, 102 Mo. 438; Clark v. Railroad, 127 Mo. 197; Oleson v. Railroad, 152 Mo. 426; Holland v. Railroad, 105 Mo. App. 117; Malloy v. Railroad, 173 Mo. 75; Johnson v. Railroad, 173 Mo. 307; Magrane v. Railroad, 183 Mo. 119; Logan v. Railroad, 183 Mo. 582; Reynolds v. Transit Co., 189 Mo. 408; Estes v. Railroad, 110 Mo. App. 725. (2) It is held by the appellate courts in this State that a common carrier is liable to

a passenger for slight negligence; that he owes to the passenger the very highest degree of care, and that the accident, if it be a collision, derailment or anything of that character is prima facie proof of negligence. See cases cited in number 1 of this brief. (3) The burden of proof in case of a derailment or collision is on the defendant to show that it is free from negligence. Furnish v. Railroad, 102 Mo. 431; Logan v. Railroad, 183 Mo. 582; Reynolds v. Transit Co., 189 Mo. 408. (4) The allegations of the petition in this case are general, and when the plaintiff in this case, under the pleading, showed the derailment and wreck, and injury to her without any fault on her part she made a prima facie case. Johnson v. Railroad, 173 Mo. 307; Mallow v. Railroad, 173 Mo. 75; Reynolds v. Transit Co., 189 Mo. 408; Estes v. Railroad, 110 Mo. 725; Shuler v. Railroad, 87 Mo. App. 618. (5) The court did not err in this case in giving the instruction that if the plaintiff was injured while a passenger on defendant's train through a wreck or derailment thereof, without fault on her part, that the defendant was presumed to be negligent. Plaintiff was entitled to the presumption arising from such facts. Logan v. Railroad, 183 Mo. 582; Magrane v. Railroad, 183 Mo. 119; Hipsley v. Railroad, 88 Mo. 348; Clark v. Railroad, 127 Mo. 197. (6) The testimony in relation to what the porter said is not reversible error. Johnson v. Railroad, 173 Mo. 307. (7) Although the testimony of witnesses may be all one way as against plaintiff's case, yet where the circumstances raise a question as to credibility of the witnesses it is a question for the jury. Holland v. Railroad, 105 Mo. App. 117; Eckhord v. Transit Co., 190 Mo. 593.

ELLISON, J.—Plaintiff was a passenger on one of defendant's passenger trains which was wrecked while passing through the State of Kansas, plaintiff being injured by reason of the wreck. There was a verdict and

judgment in her favor in the trial court. A better understanding of our conclusions may be had by setting out a portion of the petition. Plaintiff alleges:

"That on the 12th day of February, 1905, while on said passenger train in transit to said Pryor Creek, at a point about two or three miles south of Moran in the State of Kansas, at or near the water station on defendant's said line of railroad, the train on which she was being carried was wrecked and the engine and a portion of the train thrown from the track. That by reason of said wreck plaintiff was thrown violently down in the car and severely injured. Plaintiff states that the cause of said wreck and injury to the plaintiff was the negligence of the defendant in keeping and maintaining an unsafe and dangerous roadbed and track at the place where said wreck occurred. That the same was out of repair and unsafe and dangerous for the passage of trains at said point. As a further cause for said wreck, said defendant, its agents, servants and employees, carelessly operated said train at the time of said wreck and that the aforesaid negligence complained of, caused the said train in which the plaintiff was being carried, to be wrecked at said point as aforesaid." The injury is then set out.

We think the arguments of the respective counsel show that the difference between them as to the allegations of the petition is more apparent than real. The charges of negligence are general though relating to a particular matter. The particular matter was maintaining an unsafe and dangerous roadbed and track, though the charge is general as to the particulars or specifications of wherein it was unsafe and dangerous. And the same may be said of the charge of negligent operation of the train. That is a general charge of negligence in relation to the specific matter of operating trains. So while the plaintiff in such charges should be required to make out his case by proving a dangerous

track, or a negligent operation of the train; yet he would not be confined to any specific negligence under either head. He could show any negligence which made a track dangerous, or anything which would be a negligent operation of the train.

In the general instruction given at the request of the plaintiff, there was included a statement that if plaintiff was a passenger and was injured in a wreck where the train was thrown from the track that "then it devolves upon the defendant to prove to your satisfaction that said wreck and derailment was not caused by the negligence of the defendant." It is claimed that that part of the instruction cast upon the defendant the necessity of proving that it was not guilty of negligence of any kind whatsoever which might cause a wreck, and that it should at least have been limited to throwing the burden upon defendant to prove that it was not guilty of the kind of negligence which the petition alleged was the cause of the wreck, viz., that it had not negligently maintained a dangerous track, or carelessly operated the train. It was held in Logan v. Railroad, 183 Mo. 582, and Furnish v. Railroad, 102 Mo. 438, that an instruction might properly cast the burden upon the defendant to exculpate itself when the plaintiff had shown the act causing the injury had occurred, even in cases where the character of negligence was alleged. In the instruction complained of, it is true there is no limit placed upon the negligence which defendant is required to show it was not guilty of, yet from what follows in the instruction the entire portion, of which defendant complains, is left harmless. For immediately following the broad statement of this burden upon defendant, the jury is required to find that the cause of the wreck was the negligence alleged in the petition.

Plaintiff's counsel in cross-examining one of defendant's witnesses asked him several questions as to what he heard the negro porter on the train say; among

others, if he heard the porter say that the wreck was caused by water dripping down from the tank and formed into ice. Defendant objected to the question whereupon plaintiff explained that the object of the testimony was to test the witness's memory and to ascertain if he had told the truth in his direct examination. Counsel disclaimed any intention to bind the defendant by what the porter may have said. The question was permitted and the witness answered that he heard some one say that that was what caused the wreck, but could not remember who said it. This witness stated on his direct examination several matters showing that he remembered particular things at the time of the wreck. The position of the passengers, what was said, and whether any complaints were made, etc. Among other things, he stated on his direct examination that "some people said there was a wreck." He was asked by defendant's counsel about the porter. He was asked, "What did he do," and answered, "He came around with a paper of some kind and had us — he asked us all some questions — where we was from, and various things, and if we were hurt." The limit of a cross-examination is necessarily, in great degree, entrusted to the discretion of the trial court, and in view of the testimony given by this witness in his direct examination, especially as to the porter, we deem the ruling of the trial court to be proper.

The defendant insists that no case was made for the plaintiff. We, however, regard the case as well established. An examination of the record discloses a serious wreck. It seems there were two engines pulling the train, one was thrown on one side of the track, and the other so far as the right of way fence on the other side, and one or more cars were overturned. The condition of the track with reference to dripping of water thereon from the tank and freezing into ice appears in evidence. It seems clear to us that including proper and

reasonable inferences permissible for the jury to draw, there was abundant evidence to support the charge that the wreck was occasioned either by defendant maintaining a dangerous track, or negligently operating the train, or both these.

The judgment will be affirmed. All concur.